**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-2042

Caption [use short title]: A.A., et al. v. Omnicom Group, Inc., et al.

**Motion for:** leave to file a reply in support of Defendants-Petitioners' petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Set forth below precise, complete statement of relief sought:

Defendants-Petitioners request leave to file a short reply brief in further support of their petition for interlocutory appeal of the district court's February 24, 2026 order (A–1-A–49), which the district court certified for interlocutory appeal on July 13, 2026 (A–50-A–59).

**MOVING PARTY:** Defendants-Petitioners

**OPPOSING PARTY:** Plaintiffs-Respondents

☐ Plaintiff ☐ Defendant

☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Steven P. Lehotsky

**OPPOSING ATTORNEY:** Eli J. Kay-Oliphant

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| Lehotsky Cohn LLP | Sparacino PLLC |
| 200 Massachusetts Ave., NW, Suite 700, Washington, D.C. 20001 | 1920 L St. NW, Suite 835, Washington, DC 20036 |
| (512) 693-8350 | (202) 629-3530 |

Court- Judge/ Agency appealed from: Southern District of New York, Judge Jesse M. Furman

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Steven P. Lehotsky **Date:** 08/07/2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

# 26-2042

## In the United States Court of Appeals for the Second Circuit

A.A., A.B., A.D., A.G., A.P., A.S., A.V., Al.C., Am.P., An.A., An.D., Ar.A., Ari.R., Arn.R., B.D., B.M., B.T., C.C., C.S., C.V., D.D.R., D.L., E.A., E.C., E.D.C., E.D.L., E.G., E.L., E.M., Ed.T., En.C., Er.T., F.B., F.S., F.T., G.A., G.D.L., G.G., G.O., G.S., G.T., H.V., I.E., J.A., J.B., J.C., J.D.C., J.F., J.J.G., J.L., J.N.B., J.O., J.P., J.S., J.T., Ji.T., Jo.B., L.G., L.L., L.N., L.P., L.V., M.A., M.D.L., M.G., M.R., M.S., N.C., P.C., R.A., R.B., R.B.E., R.C., R.D., R.E., R.F., R.I., R.L., R.N., R.P., R.S., R.T., R.V., Ra.D., Ra.G., Ra.L., Ra.V., Re.C., Re.D., Rh.P., Ri.C., Ri.O., Ro.D., Ro.L., Ro.P., Rod.O., Rog.B., Rol.P., Rom.B., Ron.O., S.N., T.L., V.A., V.B., V.M., and W.B.,

*Plaintiffs-Respondents,*

*v.*

PORTLAND PR INC., THE OGILVY GROUP, LLC, and OGILVY PUBLIC RELATIONS WORLDWIDE LLC,

*Defendants-Petitioners.*

On Petition for Permission to Appeal from the
United States District Court for the Southern District of New York
No. 25-CV-03389 (JMF) | Hon. Jesse M. Furman

**DEFENDANTS-PETITIONERS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PETITION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

William S. Kukin*
James R. Levine*
DAVIS+GILBERT LLP
1675 Broadway
New York, New York 10019
(212) 468-4800
wkukin@dglaw.com
jlevine@dglaw.com

Peter T. Shapiro
Lewis Brisbois Bisgaard & Smith LLP
140 Broadway
New York, New York 10010
(212) 232-1300
Peter.shapiro@lewisbrisbois.com

* *Admission application pending*

*Counsel for Defendant-Petitioner Portland PR Inc.*

Steven P. Lehotsky
Mary Elizabeth Miller
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com
mary@lehotskycohn.com

Mark M. Rothrock
Lehotsky Cohn LLP
8513 Caldbeck Dr.
Raleigh, NC 27615
(512) 693-8350
mark@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Petitioners Portland PR Inc., The Ogilvy Group, LLC, and Ogilvy Public Relations Worldwide LLC (collectively, "Defendants") respectfully request leave to file a reply brief (attached as Exhibit A) in support of their Petition For Permission To Appeal Pursuant To 28 U.S.C. § 1292(b) from the district court's order denying in part Defendants' motion to dismiss, Dkt. 1, which the district court certified for interlocutory appeal on July 13, 2026.

Defendants' proposed reply addresses issues raised in Plaintiffs-Respondents' Opposition to the Petition, and it is intended to be helpful to the Court's decision whether to grant Defendants' Petition. For example, Plaintiffs-Respondents incorrectly assert that a "difficult" question of first impression does not satisfy 28 U.S.C. § 1292(b)'s requirement that there be "substantial ground for difference of opinion" on a controlling question of law ruled upon in the district court's certified order. Dkt. 12 ("Opp.") at 8; Ex. A at 4. That is incorrect. Plaintiffs-Respondents also contend courts have reached a "consensus" on the question presented in the Petition, even though only one other court of appeals has reached the issue and district

courts have diverged. Opp. 5; Ex. A at 4-5.

Neither the Federal Rules of Appellate Procedure nor this Court's rules expressly address the filing of a reply in support of a petition for permission to appeal under 28 U.S.C. § 1292(b). This Court regularly permits parties to submit a reply brief in support of a petition seeking an immediate appeal from a district court order, including petitions pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5. *See, e.g., Citibank, N.A. v. N.Y.*, No. 25-01179, Dkt. 26 (2d Cir. Sept. 3, 2025) (granting leave to file reply brief in support of § 1292(b) petition); *Petroleo Brasileiro S.A. Petrobras v. Universities Superannuation Scheme Ltd.*, No. 16-463, Dkt. 120 (2d Cir. June 15, 2016) (same for Rule 23(f) petition); *PricewaterhouseCoopers LLP v. Laurent*, No. 14-314, Dkt. No. 32 (2d Cir. Apr. 22, 2014) (granting leave to file reply brief in support of § 1292(b) petition).

Pursuant to Local Rule 27.1, counsel for Defendants notified Plaintiffs-Respondents' counsel about this motion. Plaintiffs-Respondents take no position on the motion or whether they intend to file a response.

For the foregoing reasons, Defendants respectfully request that the

Court grant Defendants leave to file the accompanying reply in support of the petition.

Dated: August 7, 2026

Respectfully submitted.

_/s/ William S. Kukin_
William S. Kukin*
James R. Levine*
DAVIS+GILBERT LLP
1675 Broadway
New York, New York 10019
(212) 468-4800
wkukin@dglaw.com
jlevine@dglaw.com

Peter T. Shapiro
Lewis Brisbois Bisgaard & Smith LLP
140 Broadway
New York, New York 10010
(212) 232-1300
Peter.shapiro@lewisbrisbois.com

* *Admission application pending*

*Counsel for Defendant-Petitioner Portland PR Inc.*

_/s/ Steven P. Lehotsky_
Steven P. Lehotsky
Mary Elizabeth Miller
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com
mary@lehotskycohn.com

Mark M. Rothrock
Lehotsky Cohn LLP
8513 Caldbeck Dr.
Raleigh, NC 27615
(512) 693-8350
mark@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rule 27.1(a)(1) because it contains 394 words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(a)(2)(B). This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Palatino Linotype font.

Dated: August 7, 2026

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

## CERTIFICATE OF SERVICE

Under Federal Rule of Appellate Procedure 25(d), I certify that on August 7, 2026, the foregoing motion was electronically filed with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system. I certify that on August 7, 2026, true and accurate copies of the foregoing motion were served by the CM/ECF system upon all parties.

Dated: August 7, 2026

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

**EXHIBIT A**

# 26-2042

## In the United States Court of Appeals for the Second Circuit

A.A., A.B., A.D., A.G., A.P., A.S., A.V., Al.C., Am.P., An.A., An.D., Ar.A., Ari.R., Arn.R., B.D., B.M., B.T., C.C., C.S., C.V., D.D.R., D.L., E.A., E.C., E.D.C., E.D.L., E.G., E.L., E.M., Ed.T., En.C., Er.T., F.B., F.S., F.T., G.A., G.D.L., G.G., G.O., G.S., G.T., H.V., I.E., J.A., J.B., J.C., J.D.C., J.F., J.J.G., J.L., J.N.B., J.O., J.P., J.S., J.T., Ji.T., Jo.B., L.G., L.L., L.N., L.P., L.V., M.A., M.D.L., M.G., M.R., M.S., N.C., P.C., R.A., R.B., R.B.E., R.C., R.D., R.E., R.F., R.I., R.L., R.N., R.P., R.S., R.T., R.V., Ra.D., Ra.G., Ra.L., Ra.V., Re.C., Re.D., Rh.P., Ri.C., Ri.O., Ro.D., Ro.L., Ro.P., Rod.O., Rog.B., Rol.P., Rom.B., Ron.O., S.N., T.L., V.A., V.B., V.M., and W.B.,

*Plaintiffs-Respondents,*

*v.*

PORTLAND PR INC., THE OGILVY GROUP, LLC, and OGILVY PUBLIC RELATIONS WORLDWIDE LLC,

*Defendants-Petitioners.*

On Petition for Permission to Appeal from the
United States District Court for the Southern District of New York
No. 25-CV-03389 (JMF) | Hon. Jesse M. Furman

**REPLY IN SUPPORT OF DEFENDANTS-PETITIONERS' PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

William S. Kukin*
James R. Levine*
DAVIS+GILBERT LLP
1675 Broadway
New York, New York 10019
(212) 468-4800
wkukin@dglaw.com
jlevine@dglaw.com

Peter T. Shapiro
Lewis Brisbois Bisgaard &
Smith LLP
140 Broadway
New York, New York 10010
(212) 232-1300
Peter.shapiro@lewisbrisbois.c
om

* *Admission application pending*

*Counsel for Defendant-Petitioner Portland PR Inc.*

Steven P. Lehotsky
Mary Elizabeth Miller
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com
mary@lehotskycohn.com

Mark M. Rothrock
Lehotsky Cohn LLP
8513 Caldbeck Dr.
Raleigh, NC 27615
(512) 693-8350
mark@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS .................... i
TABLE OF AUTHORITIES .................... ii
INTRODUCTION .................... 1
ARGUMENT .................... 2
CONCLUSION .................... 11
CERTIFICATE OF COMPLIANCE .................... 13

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Abafita v. Aldukhan*, 2019 WL 6735148 (S.D.N.Y. Apr. 4, 2019) .......... 6

*Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412 (2023) .......... 8

*Cisco Sys., Inc. v. Doe I*, 146 S. Ct. 1882 (2026) .......... 8

*Doe I v. Apple Inc.*, 2021 WL 5774224 (D.D.C. Nov. 2, 2021) .......... 5

*F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158 (D. Colo. 2025) .......... 6

*In re Flor*, 79 F.3d 281 (2d Cir. 1996) .......... 4

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) .......... 8

*Lun v. Milwaukee Elec. Tool Corp.*, 2025 WL 3443536 (E.D. Wis. Dec. 1, 2025) .......... 6, 7

*Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94 (2d Cir. 2017) .......... 8

*Mia v. Kimberly-Clark Corp.*, 2025 WL 752564 (D.D.C. Mar. 10, 2025) .......... 6, 7

*RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325 (2016) .......... 6, 7, 9

*Silva v. Schmidt Baking Distrib., LLC*, 162 F.4th 354 (2d Cir. 2025) .......... 10

### Statutes

18 U.S.C. § 1595 .......... *passim*

28 U.S.C. § 1292 ........ *passim*

**Other Authorities**

Parties' Joint Position Statement, *F.C. v. Jacobs Sols. Inc.*, No. 23-cv-02660, ECF No. 157-1 (D. Colo. July 30, 2026) ........ 11

## INTRODUCTION

Plaintiffs' opposition confirms that this Court should grant Defendants' Petition and review whether the civil remedy provision of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 *et seq.*, applies extraterritorially. Defendants' Petition satisfies each of the three factors under 28 U.S.C. § 1292(b), and this case is the rare exception warranting interlocutory appeal. Plaintiffs concede that the question presented involves a controlling question of law and that a successful appeal will materially advance this litigation by extinguishing Plaintiffs' remaining claims. And they do not dispute that the question presented implicates significant foreign policy interests and that, absent further guidance, American companies face great uncertainty operating abroad.

Instead, Plaintiffs stake their opposition on what, in their view, is an insufficient amount of conflicting authority as to whether the TVPRA's civil cause of action applies extraterritorially. But they disregard the relevant standard and recycle the same formalistic arguments considered and rejected by the district court in its order granting certification. At the outset,

and as the district court observed, A-55, the Petition raises a difficult question of first impression for this Court. The district court twice acknowledged Defendants' arguments have "some force." A-34, A-56. And several recent, well-reasoned decisions conflicting with the district court's holding below further demonstrate the difficulty of the question. Plaintiffs characterize those decisions as "[u]npersuasive" "outlier[s]," but they provide no substantive basis to treat them as such. Dkt. 12 ("Opp.") at 11. Even setting aside the conflicting decisions, courts across the country—including two courts of appeals—have explicitly recognized that the issue is difficult and perplexing. There is little doubt that the second § 1292(b) factor is met here. This Court should take this appeal.

## ARGUMENT

The question presented by Defendants' Petition satisfies each of the § 1292(b) factors. Plaintiffs attempt to contest only one of those factors, but their arguments as to that factor fall flat. Nor can they seriously contest that the question presented raises significant issues of first impression in this

Court, with far-reaching consequences for litigants across the country. Their opposition provides no basis to deny Defendants' Petition.

To start, Plaintiffs concede, as they did below, the first and third § 1292(b) factors: that whether the TVPRA's civil remedy provision applies extraterritorially is a controlling question of law and that reversal would advance the ultimate termination of this litigation. Opp. 4 n.1. As the district court already observed, "certification would probably be warranted given the strength of [those] factors" alone. A-55. Plaintiffs' opposition provides no response to that observation, Opp. 4 n.1, and this Court could grant certification on that basis alone.

In any event, the question presented also satisfies the second factor—substantial ground for difference of opinion—because the question is "difficult and of first impression," and because "there is conflicting authority on the issue." Dkt. 1 ("Pet.") at 16-23. With respect to the former, there is no dispute that this Court has not yet passed on the question; the district court twice acknowledged Defendants' arguments have "some force;" multiple courts have acknowledged the question is "perplexing" and "thorny;" and

appeals are pending in three other circuits. Pet. 16-17 (citations omitted).[1] That is the very type of "difficulty" warranting interlocutory review. And if that were not enough, the conflicting authority on the question further demonstrates the issue is "particularly difficult." A-55; Pet. 19-23.

Plaintiffs' only response is that "difficult[y]" does not matter, and "first impression, 'standing alone, is insufficient.'" Opp. 8 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). But that ignores Second Circuit law—indeed, the very case Plaintiffs cite—making clear that a question of first impression that is *difficult* satisfies the second factor. *In re Flor*, 79 F.3d at 284; *see also* A-55 (setting out and applying the correct standard). Plaintiffs offer no argument that the question presented here is *not* difficult, nor could they. *See* Pet. 17-18.

Instead, Plaintiffs wrongly contend Defendants cannot satisfy the second § 1292(b) factor because there is "consensus" that the civil remedy provision of the TVPRA applies extraterritorially. But Plaintiffs'

---

[1] Nor do Plaintiffs have any response to the fact that members of this Court and the Supreme Court have recognized that extraterritoriality questions are "vexing" and "difficult." Pet. 18.

overstatement on that score is easily rejected. Plaintiffs first assert that "[e]very court of appeals" has aligned with the district court's decision below. Opp. 5. But in that same paragraph, Plaintiffs are forced to acknowledge that only the Fourth Circuit actually reached the question and held the civil remedy provision applies extraterritorially. *Id.* at 5-6 (describing the Fifth Circuit decision as one "where the point was undisputed;" noting the Ninth Circuit "assume[d] without deciding;" and explaining the D.C. Circuit did not pass on the question because it affirmed on other grounds). There is no appellate consensus, and three other courts of appeals are deciding this question. This Court should likewise weigh in on this important question.

Plaintiffs similarly paint over the growing conflict in the district courts, declaring that "district courts overwhelmingly agree that Section 1595 applies extraterritorially." *Id.* at 6. As Defendants have pointed out, several recent, well-reasoned district court opinions have held that the TVPRA's civil remedy provision does not apply extraterritorially. *See* Pet. 19-23 (citing *Doe I v. Apple Inc.*, 2021 WL 5774224, at *15 (D.D.C. Nov. 2, 2021); *Lun v.*

*Milwaukee Elec. Tool Corp.*, 2025 WL 3443536, at *14 (E.D. Wis. Dec. 1, 2025); *Mia v. Kimberly-Clark Corp.*, 2025 WL 752564, at *6 (D.D.C. Mar. 10, 2025)). Those cases are in conflict with the district court's decision in this case and *F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158, 1181-82 (D. Colo. 2025). That is not "overwhelming[] agree[ment]." Opp. 6. As the district court correctly observed, "courts across the country have come to opposite conclusions on the issue." *See* A-55.[2] Plaintiffs point to other district court decisions, but the vast majority suggesting extraterritorial application of the TVPRA did so in *dicta*, without any reasoning, or without applying *RJR Nabisco*. *See* ECF 100 at 5 (collecting cases) (Defendants' Reply Br. below).

Regardless, the divergent decisions on the TVPRA's extraterritoriality independently satisfy the other test for "substantial ground for difference of opinion": conflicting authority on the issue. *See* Pet. 18-23. Plaintiffs' opposition implicitly recognizes that conflict, but waves those decisions off

[2] Plaintiffs argue that the decisions of the district court below and *Abafita v. Aldukhan*, 2019 WL 6735148, at *5 (S.D.N.Y. Apr. 4, 2019), are "enough to deny the petition." Opp. 6. But the district court below agreed that the question is "difficult," and *Abafita* failed to apply *RJR Nabisco*'s framework. *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325 (2016).

as "outlier[s]" or "[u]npersuasive." Opp. 7-8, 11. Plaintiffs' cherry picking is not a substantive response to the reasoning and holdings of those cases.

Indeed, those decisions reflect a deep analytical divide on two foundational interpretive questions: (1) whether § 1596(a)'s omission of § 1595 from its enumeration of extraterritorial "offenses" demonstrates that § 1595 does not apply extraterritorially; and (2) whether the Supreme Court's holding in *RJR Nabisco*—that "the presumption against extraterritoriality must be applied separately to both [a criminal statute's] substantive prohibitions and its private right of action," 579 U.S. at 350—forecloses the theory that § 1595 inherits extraterritorial reach from its predicates. Pet. 19-23; *see also Mia*, 2025 WL 752564, at *7; *Lun*, 2025 WL 3443536, at *13. That is not the kind of superficial disagreement that § 1292(b) was designed to screen out; it is a fundamental schism in statutory interpretation that only an appellate court can resolve.

* * *

Plaintiffs' opposition does not undermine the strength of all three § 1292(b) factors in this case. To be sure, interlocutory appeal is the "rare

exception to the final judgment rule." Opp. 12 (citation omitted); A-52. But as the district court concluded in certifying its own order, this case *is* that exception. A-59; *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (granting petition where there was "no persuasive reason" for rejecting district court's finding it was "an exceptional case"); *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 98 (2d Cir. 2017) (same).

Plaintiffs have no response to the unique aspects of this case that warrant interlocutory review. They do not dispute that their suit seeks to police foreign conduct, by foreign entities, under foreign law, or that it has the potential to create international friction, all of which implicate U.S. foreign policy interests *during* the litigation. Pet. 3; *see* Opp. 13-14. Courts should avoid "the danger of unwarranted judicial interference in the conduct of foreign policy" by litigating civil suits, even "against American defendants." *Cisco Sys., Inc. v. Doe I*, 146 S. Ct. 1882, 1890 (2026) (citation omitted); *see also Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 417 (2023) (warning of the "international discord that can result when U.S. law is applied to conduct in foreign countries"(citation omitted)). That concern

is at "its apex" when, as here, private plaintiffs—unchecked by prosecutorial discretion—wield a federal statute to reach entirely foreign conduct. *RJR Nabisco*, 579 U.S. at 346, 348. Nor do Plaintiffs grapple with the uncertainty their expansive theory of liability creates for U.S.-based companies operating abroad. Pet. 3. Instead, they contend that this case is not extraordinary because *other* TVPRA cases based on conduct occurring abroad "have been allowed to proceed." Opp. 13. But that is exactly the point—and why this Court should provide guidance on whether such claims are legally permissible.

Plaintiffs' remaining arguments for why this Court should exercise its discretion and decline this appeal (even if all of the § 1292(b) factors are met) are meritless. *First*, they contend review is not warranted because the district court's order dismissed all claims other than "the precise claim Congress authorized." Opp. 14. That argument is circular; the issue underlying Defendants' petition is whether Congress authorized that "precise claim"—extraterritorial application of Athe TVPRA's civil remedy provision. To hold that it did is "sweeping" and "unprecedented." Pet. 12. *Second*, Plaintiffs

argue this Court should not take this appeal because *other* circuits are weighing in. That other courts of appeals are grappling with this issue is a reason to *grant*—rather than deny—the Petition because it presents "a hotly contested issue that courts have recently been called upon to address." *Silva v. Schmidt Baking Distrib., LLC*, 162 F.4th 354, 358 (2d Cir. 2025). And contrary to Plaintiffs' suggestion, this Court does not need "the benefit of full percolation" of this issue in other courts of appeals, Opp. 14; it can and should provide its guidance now. *Finally*, Plaintiffs assert they will be prejudiced by delay caused by the appeal, *id*. at 14-15, but any such delay would be "minimal," A-58. Defendants intend to file a motion for expedited appeal if the Petition is granted. A-54. And Plaintiffs will not suffer "substantial costs," Opp. 15, as most discovery is stayed pending appeal. A-58–A-59.[3]

[3] Plaintiffs claim that even a minimal delay "could sap individual Respondents' will to continue." Opp. 14. But that lack of "will to continue" has nothing to do with an appeal here. Plaintiffs' counsel—the same counsel representing plaintiffs in TVPRA claims against separate defendants in cases currently pending in the District of Colorado—recently "advised that approximately 20 of the 65 plaintiffs" in the second and third Colorado actions, who are also parties to this case, "may withdraw from these actions

## CONCLUSION

This Court should grant Defendants' Petition.

---

altogether . . . including because counsel has lost contact with them." Parties' Joint Position Statement at 34, *F.C. v. Jacobs Sols. Inc.*, No. 23-cv-02660, ECF No. 157-1 (D. Colo. July 30, 2026).

Dated: August 7, 2026

Respectfully submitted.

/s/ William S. Kukin
William S. Kukin*
James R. Levine*
DAVIS+GILBERT LLP
1675 Broadway
New York, New York 10019
(212) 468-4800
wkukin@dglaw.com
jlevine@dglaw.com

Peter T. Shapiro
Lewis Brisbois Bisgaard & Smith LLP
140 Broadway
New York, New York 10010
(212) 232-1300
Peter.shapiro@lewisbrisbois.com

* *Admission application pending*

*Counsel for Defendant-Petitioner Portland PR Inc.*

/s/ Steven P. Lehotsky
Steven P. Lehotsky
Mary Elizabeth Miller
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com
mary@lehotskycohn.com

Mark M. Rothrock
Lehotsky Cohn LLP
8513 Caldbeck Dr.
Raleigh, NC 27615
(512) 693-8350
mark@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 5(c)(1) because it contains 1,948 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Palatino Linotype font.

Dated: August 7, 2026

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, D.C. 20001
(512) 693-8350
steve@lehotskycohn.com

*Counsel for Defendants-Petitioners The Ogilvy Group, LLC and Ogilvy Public Relations Worldwide LLC*